IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA

v.            Criminal No. **3:16CR149**

**KHALED HASSAN NAJJAR,**

Petitioner.

## MEMORANDUM OPINION

Khaled Hassan Najjar, a federal inmate proceeding *pro se*, brings this motion pursuant to 28 U.S.C. § 2255 ("§ 2255 Motion," ECF No. 57). The Government has moved to dismiss the § 2255 Motion for lack of jurisdiction because Najjar was not in custody at the time he filed the § 2255 Motion. For the reason set forth below, the Motion to Dismiss (ECF No. 62) will be GRANTED.

### I. Procedural History

Najjar was found guilty of being an alien in possession of a firearm. (ECF No. 40, at 1.) On April 24, 2017, the Court sentenced Najjar to time served for that offense. (*Id.* at 2.)

On March 19, 2018, Najjar filed his § 2255 Motion. (ECF No. 57.) At the time he filed his § 2255 Motion, he was in administrative detention arising from his immigration proceedings. (ECF No. 62, at 2.) On March 22, 2019, Najjar was released from detention relating to his immigration proceedings. (ECF No. 68.)

### II. Analysis

To qualify for relief under 28 U.S.C. § 2255, a petitioner must be in custody. 28 U.S.C. § 2255. That statute provides, in pertinent part:

> A prisoner *in custody* under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in

>violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a) (emphasis added). The Supreme Court has "interpreted the statutory language as requiring that the habeas petitioner be 'in custody' *under the conviction or sentence under attack at the time his petition is filed.*" *Maleng v. Cook*, 490 U.S. 488, 490–91 (1989) (emphasis added) (citing *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968)). The in-custody requirement is jurisdictional. *Id.* at 490. The Supreme Court in *Maleng*

>recognized that although a petitioner is subject to the "collateral consequences" of a prior conviction, such as a sentencing enhancement in connection with a subsequent offense, he "suffers no present restraint from a conviction" and therefore is not in custody after fully serving his sentence. As the Court explained, "once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it."

*Wilson v. Flaherty*, 689 F.3d 332, 336 (4th Cir. 2012) (quoting *Maleng*, 490 U.S. at 492).

At the time he filed his § 2255 Motion, Najjar was not in custody pursuant to the time-served sentence imposed by this Court. "[O]ne held in immigration detention is not 'in custody' for the purpose of challenging a state conviction under § 2254" or "a federal conviction under § 2255." *Ogunwomoju v. United States*, 512 F.3d 69, 75 (2d Cir. 2008) (citing *Resendiz v. Kovensky*, 416 F.3d 952, 956–58 (9th Cir. 2005); *Broomes v. Ashcroft*, 358 F.3d 1251, 1254 (10th Cir. 2004); *United States v. Esogbue*, 357 F.3d 532, 534 (5th Cir. 2004); *Kandiel v. United States*, 964 F.2d 794, 796 (8th Cir. 1992)). Accordingly, the Motion to Dismiss (ECF No. 62) will be GRANTED. The § 2255 Motion will be DISMISSED FOR LACK OF JURISDICTION. A certificate of appealability will be DENIED.

An appropriate Order will accompany this Memorandum Opinion.

Date: 30 October 2020
Richmond, Virginia

/s/
John A. Gibney, Jr.
United States District Judge